IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ARELIS TINOCO,

    Plaintiff,

v.                                  Case No.: GJH-16-752

THESIS PAINTING INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This removal action stems from Plaintiff Arelis Tinoco's claim of sex discrimination, hostile work environment based upon sex, and retaliation under Title 20 of the State Government Article of the Maryland Annotated Code § 20-1202 for violations of Chapter 27 of the Montgomery County Code against Defendant Thesis Painting, Inc. Pending before the Court is Plaintiff's Motion to Remand, ECF No. 18. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, the Court will deny Plaintiff's Motion to Remand.

### I. PROCEDURAL BACKGROUND

On January 20, 2016, Plaintiff commenced the above-captioned matter in the Circuit Court for Montgomery County, Maryland. ECF No. 1-1 ¶ 1. Plaintiff brought this case pursuant to Md. Code, State Gov't § 20-1202, which allows a person who is "subjected to a discriminatory act prohibited by the county code" to maintain a civil action against the person that committed the alleged discriminatory act. Md. Code, State Gov't § 20-1202.

1

On March 15, 2016, Defendant removed the matter to this Court. ECF No. 1. That same day, Defendant filed a Motion to Dismiss based on improper venue and failure to state a claim, moving in the alternative to transfer the case to the Eastern District of Virginia. ECF No. 3 at 1.[1] In response to the standing order concerning removal issued by the Court, Defendant filed a statement explaining the basis for removal on March 22, 2016 ("Removal Statement"). ECF No. 16. On April 14, 2016, Plaintiff filed the presently pending Motion to Remand, arguing that Defendant's request for removal was untimely. ECF No. 18 at 1-2. Defendant submitted a Response in Opposition to Plaintiffs' Motion for Remand, ECF No. 19, and Plaintiff filed a timely Reply, ECF No. 20.

## II. DISCUSSION

A defendant must file a notice of removal within thirty days of receiving a copy of the initial pleadings setting forth the claim for relief. *See* 28 U.S.C. § 1446(b)(1). This thirty-day window is trigged when the Defendant is formally served with the summons and complaint; "informal receipt of a complaint is not sufficient." *See Hill v. Barker*, No. CIV.A. DKC2005-1037, 2005 WL 1271851, at *2 (D. Md. May 26, 2005)(citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–53 (1999)). When a case is removed to federal court, "state law determines whether service of process was properly effected prior to removal." *Steverson v. HSBC Auto Fin., Inc.*, No. CIV.A. DKC 10-3119, 2011 WL 1103164, at *4 (D. Md. Mar. 23, 2011). As the removing party, Defendant "bears the burden of establishing the right to removal, including compliance with the requirements of 28 U.S.C. § 1446(b)." *Kluksdahl v. Muro Pharm., Inc.*, 886 F. Supp. 535, 537 (E.D. Va. 1995). Federalism concerns dictate a strict construction of the removal statute and doubts should be resolved against the removing party.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Hill,* 2005 WL 1271851, at *2 (D. Md. May 26, 2005). Here, Defendant has met their burden of demonstrating that they made a timely motion for removal; thus, the Court will deny Plaintiff's Motion to Remand.

In its Motion to Remand, Plaintiff claims that removal was untimely because a copy of the summons and complaint was delivered to Defendant's law firm on February 8, 2016, and Defendant did not file their notice of removal until March 15, 2016, six days after the thirty day window expired. ECF No. 18-1 at 1. In support of this claim, Plaintiff submits a return receipt dated February 8, 2016, bearing the signature of Ms. Daill D. Hyde, ECF No. 18-3, and notes that there is a rebuttable presumption that a signed return receipt denotes proper service. ECF No. 18-1 at 4. By contrast, in their Removal Statement, Defendant alleged that service was invalid because Ms. Hyde, an employee of a law firm unaffiliated with Defendant or their counsel, was not an agent authorized to accept service on Defendant's behalf. ECF No. 16 at 2. Accompanying the Removal Statement is a declaration from Ms. Hyde, affirming that she was not authorized to accept service on Defendant's behalf, and from Defendant's attorney, Ms. Nancy Greene, affirming that Ms. Greene was the only person authorized to accept service of process on behalf of her law firm, the Greene Law Firm, and she was out of town on the date in question. ECF No. 16-1; ECF No. 16-2.

*Triad Motorsports, LLC v. Pharbco Mktg. Grp., Inc.,* 104 F. Supp. 2d 590 (M.D.N.C. 2000), cited by Defendants, is on-point and persuasive in resolving this issue. There, plaintiff argued that service of process was completed when the summons and complaint were signed for on March 5, 1999, making the April 7, 1999 removal untimely. *Id.* at 594. But the defendant submitted affidavits establishing that the individual who signed for the documents was not

3

authorized to act as an agent for the defendant. *Id.* at 595. Thus, the court held that the defendant had rebutted the presumption that plaintiff's attempted service was proper and further held that the period for removal did not begin until the summons and complaint were delivered to defendant's president on March 9, 1999, making the notice of removal timely. *Id.* at 596.

Similarly, here, while Plaintiff has made a *prima facie* showing of proper service by attaching a signed return receipt, Defendant has rebutted that evidence with the declarations of Ms. Hyde and Ms. Greene stating that Ms. Hyde was not an authorized agent of the Green Law Firm, and that the only authorized agent, Ms. Green, did not receive the certified mail signed for by Ms. Hyde. ECF No. 16-1; ECF No. 16-2. As was the case in *Triad Motorsports, LLC*, this evidence is sufficient to rebut the presumption of proper service. *See also, Hill*, 2005 WL 1271851, at *3 (D. Md. May 26, 2005) (declaration by defendant that he did not sign receipt and had not appointed an agent for that purpose sufficient to rebut presumption). Indeed, unlike in *Hill* where there was a second, later instance of effective service, Plaintiff has produced no evidence that they ever properly served Defendant. Therefore, their notice of removal cannot be considered untimely since their thirty day clock never started to run. *C.f. Novak v. Bank of New York Mellon Trust Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) ("We conclude that service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends.")

Plaintiff tries to avoid this outcome by claiming that Defendant's argument is "fundamentally an assertion of improper service," which it waived when it failed to object to service in its Motion to Dismiss. ECF No. 18-1 at 5. As Defendant correctly notes, however, while Federal Rule of Civil Procedure 12(h) states that insufficient service of process is waived

4

as a defense to a claim if not raised in a motion to dismiss or responsive pleading, nothing in the text of Rule 12(h) precludes the Court from considering defective service in determining the timeliness of a Motion to Remand. ECF No. 19 at 6. Cases cited by Plaintiff addressing waiver in the context of whether dismissal of a claim is appropriate under Rule 12 are therefore inapposite. *See, e.g., Smith v. EVB, et al.*, No. CIV.A. 3:09-CV-554, 2010 WL 1253986, at *5 (E.D. Va. Mar. 23, 2010) (allowing plaintiff to amend complaint because waiver of defense of improper meant that amendment would not be futile); *see also Patterson v. Whitlock*, 392 F. App'x 185, 192 (4th Cir. 2010) (reversing a district court's dismissal of a case on improper service grounds, where defendants had waived the defense by not including it in a prior motion construed as a motion to dismiss).

Defendant is not asking for the case to be dismissed based on improper service, a request that would indeed be waived since Defendant did not include the argument in their first Motion to Dismiss. *See* Fed. R. Civ. Pro. 12(h). Instead, Defendant is making a timeliness argument, with lack of service a supporting fact to show that their motion to remove was timely. A failure to include improper service in a Motion to Dismiss does not preclude the court from considering service when deciding whether or not removal was timely.

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion to Remand, ECF No. 18 is **DENIED.** Plaintiff will have fourteen days (14) from the date of this order to respond to Defendant's Motion to Dismiss, ECF No. 2.

Dated: November 1, 2016

GEORGE J. HAZEL
United States District Judge